UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TEKLEMARIAM DANIEL HAGOS, | CASE NO. C22-1697 BHS |
| Petitioner, | ORDER |
| v. | |
| STATE OF WASHINGTON, | |
| Respondent. | |

This matter comes before the Court on Magistrate Judge David W. Christel's Report and Recommendation ("R&R"), Dkt. 7, and Petitioner Teklemariam Daniel Hagos's Objections to the R&R, Dkt. 8.

Hagos filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Dkt. 1. His asserted grounds for habeas relief were unclear; the petition stated, for example: "they are using intel collect avoid and attacking my conscious" and "my state & federal rights are being attacked." Dkt. 1-1 at 7. He sought dismissal of a King County case (No. 19-1-04001-3) and monetary damages of $90,000,000. *Id.* at 15. He also requested that the Court send a King County police officer to federal prison and administer a lie detector test to the Seattle Police Department officers who wrote his arrest report. *Id.*

ORDER - 1

1    Judge Christel granted Hagos leave to proceed *in forma pauperis*, Dkt. 4, but
2    declined to direct Defendant the State of Washington to file an answer, Dkt. 6. He
3    ordered Hagos to file an amended petition by January 23, 2023, concluding that Hagos's
4    first petition was improper. *Id.* at 1. Judge Christel explained that Hagos failed to name
5    the state officer that had custody over him, specify the grounds for relief available to him,
6    or provide the information requested on the Court's form for § 2254 petitions. *Id.* at 2.
7    Judge Christel also concluded that Hagos sought monetary damages, which cannot be
8    awarded in a habeas case. *Id.*

9    Hagos did not timely file an amended petition and Judge Christel therefore
10   recommends the Court dismiss Hagos's § 2254 petition without prejudice and deny him a
11   certificate of appealability. Dkt. 7. Hagos filed "objections" that appear to amount to an
12   amended petition. Dkt. 8.

13   "The Supreme Court has instructed the federal courts to liberally construe the
14   'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir.
15   1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)). The Court will therefore
16   interpret Hagos's "objections" as an amended petition and will consider it in the first
17   instance despite it being untimely. Judge Christel's R&R is therefore moot.

18   The Court should dismiss a habeas petition on preliminary review "[i]f it plainly
19   appears from the petition and any attached exhibits that the petitioner is not entitled to
20   relief in the district court." Rules Governing § 2254 Cases, Rule 4.

21   Hagos's amended petition still fails on its face for several reasons. First, he seems
22   to believe he is filing a personal restraint petition—a method of challenging confinement

in Washington state court. Dkt. 8 at 2. To challenge the legality of confinement in a state facility in federal court, a prisoner must file a petition for writ of habeas corpus.

Second, Hagos appears to be challenging the conditions of his confinement based on the risk of COVID-19. *See generally* Dkt. 8. A personal restraint petition filed in Washington state court may be used to challenge the conditions of one's confinement. Wash. R. App. P. 16.4(c)(6). In contrast, a federal habeas petition "is limited to attacks upon the legality or duration of confinement." *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979). To challenge the conditions of state confinement in federal court, a prisoner must file a civil rights complaint.

The Court, having considered the R&R, Petitioner's objections, and the remaining record, does hereby order as follows:

(1) The Court **DECLINES TO ADOPT the R&R as moot**;

(2) Hagos's Petition is **DENIED**;

(3) A Certificate of Appealability is **DENIED**; and

(4) The Clerk shall enter a JUDGMENT and close the case.

Dated this 27th day of March, 2023.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3